J-S59009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK VINCENT, | |
| Appellant | No. 3496 EDA 2016 |

Appeal from the PCRA Order Entered October 27, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0710181-1995

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 25, 2017**

Appellant, Mark Vincent, appeals *pro se* from the post-conviction court's October 27, 2016 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. For the reasons herein, we reverse and remand.

The PCRA court summarized the procedural history underlying this appeal as follows:

> [Appellant] was arrested and subsequently charged with homicide and related offenses stemming from the killing of James Moore on May 12, 1995[,] in the city of Philadelphia.  On October 16, 1996, following a jury trial presided over by the Honorable James Lineberger, [Appellant] was convicted of first-degree murder, robbery, and weapons offenses.  On June 30, 1997, the trial court imposed a sentence of life imprisonment for the murder conviction and a lesser consecutive term of

---

[*] Former Justice specially assigned to the Superior Court.

incarceration for the robbery conviction. Following a direct appeal, [Appellant's] judgment of sentence was affirmed by the Superior Court on October 6, 1998, and the Pennsylvania Supreme Court denied *allocatur* on October [7], 1999.[2]

> [2] ***Commonwealth v. Vincent***, 731 A.2d 200 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 745 A.2d 1222 (Pa. 1999).

On January 9, 2002, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a ***Turner/Finley*** no merit letter.[3] The PCRA court denied the petition on April 14, 2003. The Superior Court affirmed the PCRA court's order denying relief on September 3, 2004.[4]

> [3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> [4] ***Commonwealth v. Vincent***, 863 A.2d 1233 (Pa. Super. 2004) (unpublished memorandum).

On February 12, 2016, [Appellant] filed the instant *pro se* PCRA petition, his second. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on July 19, 2016. [Appellant] submitted a response to the Rule 907 notice on August 9, 2016. On October 27, 2016, the PCRA court dismissed his petition as untimely. On November 4, 2016, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion (PCO), 2/7/2017, at 1-2 (single footnote omitted).

On appeal, Appellant raises a single issue for our review:

Did the PCRA court err in dismissing the newly discovered evidence based upon a purported lack of diligence?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093

(Pa. 2010) (citations omitted).  We begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. … Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Id.*** (citations omitted).  With respect to timeliness, the PCRA provides, in pertinent part, the following:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

Here, as mentioned by the PCRA court above, this Court affirmed Appellant's judgment of sentence on October 6, 1998, and the Pennsylvania Supreme Court denied *allocatur* on October 7, 1999.  Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.  Thus,

- 3 -

Appellant's judgment of sentence became final on January 5, 2000, and he had one year from that date to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. R. 13(1) (stating that a petition for a writ of certiorari is timely when it is filed within 90 days after entry of the judgment). Therefore, his present petition, filed on February 12, 2016, is patently untimely, and Appellant must satisfy one of the exceptions to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), *supra.*

Appellant argues that he meets the exception for newly-discovered facts under section 9545(b)(1)(ii). "When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Further, our Supreme Court has "unequivocally explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." ***Id.*** (citation and internal quotation marks omitted). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to

- 4 -

obtain the information upon which a claim is based." ***Id.*** at 230 (citation and internal quotation marks omitted).

In his PCRA petition, Appellant claimed that he satisfied section 9545(b)(1)(ii), based on the affidavit of a previously unknown witness named William Adams. ***See*** Appellant's PCRA Petition (hereinafter Petition), 2/12/2016, at 2-3. Appellant summarized the content of Mr. Adams's affidavit as follows:

> According to Mr. Adams, he was present when the events leading to [Appellant's] arrest occurred and witnessed an individual named Kenneth Billie a.k.a. Kenneth Hall shoot the victim. Mr. Adams state[s] that he was on his way home on the night in question and noticed a crowd in the vicinity of south 60th Street. Mr. Adams reveals in his affidavit that he saw [Appellant] arguing with the decedent who[] was a childhood friend of Kenneth Billie. After witnessing [Appellant] slap the victim, [M]r. Adams saw Kenneth Billie a.k.a. Kenneth Hall pull a handgun from his jacket and shoot the victim, although he was shooting at [Appellant].

***Id.***

The PCRA court subsequently dismissed Appellant's petition, determining that he did not fulfill the requirements of section 9545(b)(1)(ii). Specifically, the PCRA court found that Appellant "failed … to demonstrate that the 'fact' that someone else murdered the decedent could not, with the exercise of due diligence, have been ascertained earlier." PCO at 4. It stated that "[a]t trial, the Commonwealth presented multiple eye[]witnesses. Rather than detailing any efforts to contact them, [Appellant] speculated that neither [of the eyewitnesses] would have been amenable to cooperation, because they were 'friends to the prosecution.'"

- 5 -

*Id.* (citation omitted). The PCRA court also observed that "[i]n addition to known witnesses, [Appellant] had reason to suspect the existence of other potentially helpful witnesses. [Mr.] Adams expressed detailed knowledge of the incident, articulating nicknames of, and relationships among, those present" and "described the gathering of individuals as a crowd." *Id.* Nonetheless, it noted that Appellant "failed to articulate any efforts to locate or identify additional witnesses, such as [Mr.] Adams." *Id.* Although it acknowledged that Appellant claimed he "was unable to conduct an investigation because he was incarcerated[,]" it found his "explanation for failing to act … insufficient absent a demonstration that his access to communication channels was restricted while in custody." *Id.* at 4-5.

Instantly, Appellant argues that the PCRA court improperly required "maximum diligence" instead of "due diligence" in its application of section 9545(b)(1)(ii). *See* Appellant's Brief at 10. He claims that he could not identify additional witnesses because he "does not know any of those individuals and knew nothing of them prior to receiving the affidavit." *Id.* Moreover, he asserts that it was unreasonable for the PCRA court to expect him to contact the Commonwealth's eyewitnesses because "attempting to contact [them] could have exposed [Appellant] to criminal liability for witness tampering." *Id.* Finally, in response to the PCRA court's evaluation that he did not adequately demonstrate efforts to identify potential witnesses while in prison, Appellant asserts that "nothing would have revealed Mr. Adams except for Mr. Adams himself." *Id.* at 11.

After careful review, we believe that Appellant has satisfied section 9545(b)(1)(ii). First, Appellant has established that the facts upon which his claim was predicated — Mr. Adams's witnessing Mr. Billie shoot the decedent — were unknown. *See Cox*, 146 A.3d at 227 ("When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence."). Appellant alleges that "[p]rior to, during or after trial, [he] had no knowledge of Mr. [A]dams nor of the information he possessed. [T]here was nothing presented during trial that would have remotely alerted the defense to Mr. Adams or Kenneth Billie a.k.a. Kenneth Hall." Petition at 3. Further, the Commonwealth does not argue that Appellant had knowledge of any un-named eyewitnesses at the scene of the shooting, let alone Mr. Adams specifically, nor does our cursory review of the record indicate that Appellant did.

Second, Appellant has shown that the information in Mr. Adams's affidavit could not have been ascertained by the exercise of due diligence. *See Cox*, 146 A.3d at 227. As Appellant did not know that there were any other eyewitnesses to the shooting, no reasonable effort would have led to his obtaining the information set forth in Mr. Adams's affidavit. *See id.* at 230. Accordingly, the PCRA court erred in determining that Appellant did not meet section 9545(b)(1)(ii) and deeming his petition untimely on this

basis.[1]  Therefore, a hearing is warranted on the merits of Appellant's after-discovered evidence claim.[2]

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017

---

[1] We further note that Appellant filed his petition within 60 days of the date the claim could have been presented.  **See** 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented."); Affidavit of William Adams, 2/3/2016, at 2 ("On January 4, 2016, … I approached [Appellant] and relayed the above information to him.").

[2] **See Cox**, 146 A.3d at 228 (explaining that to establish an after-discovered evidence claim, "a petitioner must prove that (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict") (citation omitted).